■ Daniel S. Cillo, an Infant, by His Parent and Natural Guardian, Daniel J. Cillo, et al., Respondents, v Resjefal Corporation et al., Respondents, and D.B. Brown, Inc., Appellant. (And Other Actions.) [820 NYS2d 47]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered December 1, 2005, which, implementing a decision dated October 6, 2005, inter alia, granted plaintiffs' motion to restore the action to the trial calendar to the extent of directing that the case be restored on January 6, 2006, granted defendant-

---

appellant's cross motion for disclosure sanctions against plaintiff and defendants-respondents to the extent of directing that "all necessary and proper discovery which has not already been conducted or exchanged [be] conducted" by January 6, 2006, and otherwise denied appellant's cross motion without prejudice to renewal after January 6, 2006, with the proviso that nothing in the order on appeal was to be understood as a ruling on the timeliness, propriety or merits of appellant's disclosure demands, unanimously modified, on the facts and in the exercise of discretion, to direct that a referee be appointed to supervise disclosure, that appellant serve its disclosure demands within 10 days of the referee's appointment, that the other parties state their objections in writing to such demands within 10 days of such service, and, upon determination by the referee that any such demands are warranted, that disclosure with respect thereto, including any depositions, be concluded within 30 days of the referee's determination, and otherwise affirmed, without costs.

Readying the case for trial has been complicated by unusual circumstances, including appeals, decided together in December 2004, which reversed an October 2003 order dismissing appellant's cross claims for indemnification and contribution and affirmed a July 2003 order denying a motion by appellant to strike the case from the calendar (13 AD3d 292 [2004]). During the pendency of these appeals, in November 2003, one of the plaintiffs died and, in July 2004, leave to serve an amended complaint containing a cause of action for wrongful death was granted, resulting in amended pleadings and new demands for disclosure. Also during the pendency of these appeals, in October 2004, the case was marked off the calendar "to be restored by stipulation after the pending appeal has been decided." While we do not condone the practice of conducting any discovery once the case has been certified ready and placed on the trial calendar, under the circumstances, restoring the case to the calendar and denying appellant's motion for disclosure without prejudice to renewal after the case was restored was not an improper exercise of discretion. However, we deem supervision necessary in order to assure that the case, which bears a 1998 index number, is made ready for trial as soon as possible while maintaining its position on the calendar. The referee should attempt to balance any right to disclosure that appellant may have against any previous inaction on its part. For example, although appellant is entitled to disclosure in connection with plaintiff's recently interposed cause of action for wrongful death, any disclosure it seeks that could have been sought before the amendment of the complaint, and was not, should be disallowed.

Concur—Mazzarelli, J.P., Friedman, Marlow, Sullivan and Catterson, JJ.